UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:  Case No. 17-24254- MAM
  Chapter 7
RICHARD DONALD BARFIELD and
MARILYN LOUISE BARFIELD
    Debtors.
_____/

**MOTION TO APPROVE STIPULATION FOR SETTLEMENT AND DISMISSAL
BETWEEN THE TRUSTEE, DEBTORS AND CREDITOR, JOHN M. ZUCCARELLI, III**

    Trustee, Robert C. Furr, by and through undersigned counsel, hereby files this *Motion to Approve Stipulation for Settlement and Dismissal between the Trustee, Debtors and Creditor, John M. Zuccarlli, III* ("Settlement Stipulation") and states:

    1.    Attached hereto as Exhibit "A" is a copy of a Settlement Stipulation which has been entered into between the Trustee and the Debtor.

    2.    Pursuant to the terms of the Settlement Stipulation, among other things:

    a. the Debtors shall pay $55,186.14 ("Trustee Settlement Amount") to the Trustee prior the hearing seeking approval of the Settlement Stipulation. All payments shall be made payable to "Furr Cohen Trust Account" and delivered to Furr Cohen, 2255 Glades Road, Suite 301E, Boca Raton, FL 33431.

    b. the Debtors shall pay $180,000 ("Creditor Settlement Amount") to "Furr Cohen Trust Account" prior to the hearing seeking approval of the Settlement Stipulation, and no later than November 9, 2018, which shall be held for the benefit of Creditor, John M. Zuccarelli, III, until the Settlement Stipulation is approved by the bankruptcy court. Upon approval of the bankruptcy court, Furr Cohen shall release the $180,000 to Creditor, John M. Zuccarelli, III.

    c. the Debtors agree to pay all the following timely filed Proofs of Claim in full within one year of the date of this settlement: POC#2 (Capital One Bank (USA), N.A.) $2,770.61; POC#4 (Department Stores National Bank) $451.30; POC#6 (Wells Fargo, N.A., Wells Fargo Card Services) $29,259.21; POC#7 (Direct, LLC) $292.14; POC#8 (PYOD, LLC) $764.31; POC#9 (Portfolio Recovery Associates, LLC) $483.15.

    d. the Debtors agree to the extension of the deadline for the Trustee and Creditor to object to the Debtors' discharge pursuant to section 727 and dischargability pursuant to section 523 through the date of a non-appealable order approving the Settlement Stipulation.

3. Although not specifically set forth in the Settlement Stipulation, the parties agree that upon Bankruptcy Court approval of this Settlement Stipulation, this case shall be dismissed with prejudice for a period of one year.

4. The Trustee believes that this settlement is in the best interest of creditors and the estate.

5. This stipulation and motion are being noticed to all creditors pursuant to Federal Rule of Bankruptcy Procedure 9019.

6. The legal principles to be applied in evaluating a proposed settlement have been enunciated upon within the Southern District of Florida in *In re: Arrow Air, Inc*., 85 B.R. 886 (Bankr. S.D. Fla. 1988). The appropriate test is "whether the compromise falls below the lowest point in the range of reasonableness." *Id.* at 891, citing, *In re: Teltronics Services, Inc.*, 762 F.2d 185, 189 (2nd Cir. 1985); *In re: W.T. Grant Company*, 699 F.2d 599, 608 (2nd Cir. 1983).

The Trustee believes that this settlement agreement complies with the legal principles relied upon within these authorities.

7. The Eleventh Circuit, in *In re: Justice Oaks II, Ltd*, 898 F.2d 1544, 1549 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), provides additional guidance as to whether a compromise should be approved and establishes a four-part test:

    a) the probability of success in the litigation;

    b) the difficulties, if any, to be encountered in the matter of collection;

    c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    d) the paramount interest of the creditors and a proper deference to their reasonable view in the premises.

8. The proposed settlement satisfies the four-part test set forth in *In re: Justice Oaks 11, Ltd.*, as required under Bankruptcy Rule 9019:

    a) <u>Probability of Success in the Litigation</u>: If this matter were to be brought to trial, the Trustee believes he would have a high probability of success.

    b) <u>Difficulties, if any, to be Encountered in the Matter of Collection</u>: Because the bankruptcy court entered an order finding that the Debtors' alleged homestead was not exempt to the extent of 0.166 acres, or approximately $1,495,500, the Trustee believes there would not be difficulties encountered in the matter of collection up to the value of the non-exempt portion of the homestead. However, if the Creditor prevailed in litigating and liquidating Proof of Claim #3 to an amount in excess of the non-exempt value of the alleged homestead, then it is likely that there would be significant difficulties encountered in the matter of collection.

    c) <u>Complexity Expense and Delay Associated with the Litigation Involved</u>: The litigation between the Trustee and Debtors would not be overly complex, as the issue of the non-exempt equity in the alleged homestead has been ruled on. However, the claim litigation regarding Proof of Clam #3 would be complex, expensive and result in delay.

d) <u>Paramount Interest of Creditors and Proper Deference to Their Reasonable Views in the Premises</u>: The only active creditor in this case, John M. Zuccarelli, III, is a party to this settlement. The Debtors agreed to pay the remaining creditors, [not including POC#1 (Palm Beach County Tax Collector) and POC#5 (Internal Revenue Service)] who filed proofs of claim within one year of the date of the settlement. The Palm Beach County Tax Collector's claim is protected by the significant equity in the Debtors' alleged homestead. The Debtors alleged they have paid the Internal Revenue Service in full. Accordingly, the Trustee believes that he has taken in to account the paramount interest of creditors.

9. The Trustee has evaluated the settlement while considering all of the factors required by the Eleventh Circuit and supports its approval by the Court as being in compliance with the factors, and being within the best interest of creditors and the estate.

WHEREFORE, the Trustee, Robert C. Furr, by and through undersigned counsel, respectfully requests that the Court enter an order granting this motion and approving the Settlement Stipulation, plus grant such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail and/or ECF to all parties listed below on this 29th day of October 2018.

    FURR AND COHEN, P.A.
    *Attorney for Trustee*
    2255 Glades Road, Suite 301E
    Boca Raton, FL 33431
    (561) 395-0500/(561)338-7532-fax

    By: /s/ Marc P. Barmat
        MARC P. BARMAT
        Florida Bar No. 0022365
        Email: mbarmat@furrcohen.com

<u>Served via ECF and/or U.S. Mail:</u>

- **Robert C Furr**    danderson@furrcohen.com, rcf@trustesolutions.net
- **Orfelia M Mayor**    omayor@ombankruptcy.com, legalservices@pbctax.com;carmen@ombankruptcy.com;cmbk@ombankruptcy.com;omayor@ecf.inoruptcy.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Stuart A Young**    syoung@ybplaw.com

Served via U.S. Mail

**Synchrony Bank**
PRA Receivables Management, LLC
c/o Valerie Smith
PO Box 41021
Norfolk, VA 23541

**ALL PARTIES ON THE ATTACHED COURT MATRIX.**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-9<br>Case 17-24254-MAM<br>Southern District of Florida<br>West Palm Beach<br>Mon Oct 29 11:55:05 EDT 2018 | Synchrony Bank<br>PRA Receivables Management, LLC<br>c/o Valerie Smith<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Palm Beach County Tax Collector<br>c/o Orfelia Mayor, Esq<br>POB 3715<br>West Palm Beach, FL 33402-3715 |
| U.S. Small Business Administration (Drake)<br>0429<br>801 Tom Martin Drive<br>Suite 120<br>Birmingham, AL 35211-6424 | VT Inc. as trustee of World Omni LT<br>c/o Christina V. Paradowski<br>110 SE 6th St., 15th Flr.<br>Ft. Lauderdale, FL 33301-5004 | Wells Fargo Bank, N.A. as Successor by Merge<br>c/o Albertelli Law<br>POB 23028<br>Tampa, FL 33623-2028 |
| AT&T Wireless<br>POB 536216<br>Atlanta, GA 30353-6216 | Anne M. Gannon, Const. Tax Collector<br>POB 3353<br>West Palm Beach, FL 33402-3353 | (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 |
| (p)CAPITAL ONE<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Chase Card/Amazon<br>POB 15298<br>Wilmington, DE 19850-5298 |
| Citibank NA/Best Buy<br>50 Northwest Point Road<br>Elk Grove Village, IL 60007-1032 | DSNB Macy's<br>POB 8218<br>Mason, OH 45040-8218 | Daniel Comerford, III<br>c/o Johnson Anselmo<br>2455 East Siunrise Blvd., Suite 1000<br>Fort Lauderdale, FL 33304-3113 |
| Department Stores National Bank<br>Citibank, N.A.<br>701 East 60th Street North<br>Sioux Falls, SD 57104-0493 | (p)DIRECTV LLC<br>ATTN BANKRUPTCIES<br>PO BOX 6550<br>GREENWOOD VILLAGE CO 80155-6550 | Directv, LLC<br>by American InfoSource LP as agent<br>PO Box 5008<br>Carol Stream, IL 60197-5008 |
| Douglas C. Pierson<br>c/o Johnson Anselmo<br>2455 East Siunrise Blvd., Suite 1000<br>Fort Lauderdale, FL 33304-3113 | Harriet R. Lewis, Esq.<br>Lewis Stroud & Deutsch, PA<br>1875 NW Corporate Blvd #100<br>Boca Raton, FL 33431-8550 | Internal Revenue Service<br>POB 7346<br>Philadelphia, PA 19101-7346 |
| John M. Zuccarelli, III<br>c/o Chad S. Paiva, Esq.<br>525 Okeechobee Blvd., Suite 900<br>West Palm Beach, FL 33401-6306 | John M. Zuccarelli, III<br>c/o Gary K. Oldehoff, Esq.<br>1875 NW Corporate Blvd #100<br>Boca Raton, FL 33431-8550 | Joseph Benevento<br>c/o Gary K. Oldehoff, Esq.<br>Lewis Stroud & Keutsch, PL<br>1875 NW Corporate Blvd #100<br>Boca Raton, FL 33431-8550 |
| Jupiter Inlet Beach Club, Inc.<br>Jupiter Inlet Colony, FL 33469 | Jupiter Inlet Colony POA<br>POB 3131<br>Jupiter, FL 33469-1002 | Katzman Wasserman Bennardini & Rubenstei<br>7900 Glades Road, Suite 140<br>Boca Raton, FL 33434-4104 |
| Loxahatchee River Environmental<br>Control District<br>2500 Jupiter Park Drive<br>Jupiter, FL 33458-8962 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | PYOD, LLC its successors and assigns as assi<br>of Citibank, N.A.<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602-9008 |

| | | |
|---|---|---|
| Palm Beach County Tax Collector<br>Attn: Legal Services<br>P.O. Box 3715<br>West Palm Beach, Florida 33402-3715 | PayPal Credit<br>POB 105658<br>Atlanta, GA 30348-5658 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Small Business Administration<br>801 Tom Martin Drive, Suite 120<br>Birmingham, AL 35211-6424 | The Home Depot/CBNA<br>POB 6497<br>Sioux Falls, SD 57117-6497 | Thomas M. Disarno<br>Gary K. Oldehoff, Esq.<br>1875 NW Corporate Blvd #100<br>Boca Raton, FL 33431-8550 |
| Town of Jupiter Inlet Colony<br>c/o Johnson Anselmo<br>2455 East Siunrise Blvd., Suite 1000<br>Fort Lauderdale, FL 33304-3113 | Wells Fargo<br>POB 14517<br>Des Moines, IA 50306-3517 | Wells Fargo Bank NV NA<br>POB 31557<br>Billings, MT 59107-1557 |
| Wells Fargo Bank, N.A., Wells Fargo Card Ser<br>PO Box 10438, MAC F8235-02F<br>Des Moines, IA  50306-0438 | William P. Doney, Esq.<br>Caldwell Pacetti Edwards Schoech Viator<br>1555 Palm Beach Lakes Blvd., Suite 1200<br>West Palm Beach, FL 33401-2326 | World Omni Financial/SE Toyota Finance<br>POB 91614<br>Mobile, AL 36691-1614 |
| Marilyn Louise Barfield<br>103 Lighthouse Dr.<br>Jupiter Inlet Colony, FL 33469-3511 | Philip J Landau<br>2385 N.W. Executive Center Dr # 300<br>Boca Raton, FL 33431-8530 | Richard Donald Barfield<br>103 Lighthouse Dr.<br>Jupiter Inlet Colony, FL 33469-3511 |
| Robert C Furr<br>www.furrtrustee.com<br>2255 Glades Road Ste 301E<br>Boca Raton, FL 33431-7383 | | |

                    The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
                    by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Bank of America<br>POB 982238<br>El Paso, TX 79998 | Capital One<br>15000 Capital One Dr<br>Richmond, VA 23238 | DirecTV<br>2230 E. Imperial Hwy.<br>El Segundo, CA 90245 |
| Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 | | |

                    The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)West Palm Beach | (u)John M. Zuccarelli, III<br>**DUPLICATE** | (d)John M. Zuccarelli III<br>c/o Chad S. Paiva, Esq.<br>525 Okeechobee Blvd.<br>Suite 900<br>West Palm Beach, FL 33401-6306 |

End of Label Matrix
Mailable recipients    45
Bypassed recipients     3
Total                  48

EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

RICHARD DONALD BARFIELD and
MARILYN LOUISE BARFIELD
    Debtors.
_____/

Case No. 17-24254-PGH
Chapter 7

## STIPULATION FOR SETTLEMENT AND DISMISSAL BETWEEN THE TRUSTEE, DEBTORS AND CREDITOR, JOHN M. ZUCCARELLI, III

This Stipulation is entered into on the date set forth below between the Chapter 7 Trustee, Robert C. Furr ("Trustee") and Richard Donald Barfield and Marilyn Louise Barfield ("Debtors") and Creditor, John M. Zuccarelli, III ("Creditor" or "Zuccarelli") (collectively the "Parties"). The Parties hereby stipulate and agree as follows:

### RECITALS

**WHEREAS**, this case was instituted by the Debtors filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code[1] on November 29, 2017 (the "**Petition Date**"). The Trustee became the permanent Trustee after the § 341 Meeting of Creditors was conducted and concluded;

**WHEREAS**, the Debtors own real property located at 103 Lighthouse Drive, Jupiter Inlet Colony, Florida ("Alleged Homestead Property") with a scheduled value of $6 million and liens identified on schedules D in the amount of $509,148.72 [ECF No. 11]. The Trustee and Creditor do not dispute the Debtors' valuation of the Alleged Homestead Property. Accordingly, the Alleged Homestead Property has equity of approximately $5,490,851.28. The Debtors claimed their Alleged Homestead Property as fully exempt [ECF No. 11, Schedule C].

---

[1] 11 U.S.C. §§ 101 *et seq.*

1

**WHEREAS**, the Alleged Homestead Property is located within a municipality and occupies .666 acres. By agreement of the Trustee and Debtors, the Court entered an *Order Sustaining Agreed Objection to Debtors' Claimed Homestead Exemption* [ECF No. 41] determining that the Alleged Homestead Property is not exempt to the extent of 0.1666 acres, representing 24.925% of the total Alleged Homestead Property. Accordingly, the Trustee's interest in the Alleged Homestead Property is $1,495,500;

**WHEREAS**, Zuccarelli and the Debtors have been involved in litigation against each other since 2007. Zuccarellli filed Proof of Claim #3 [POC #3] in the amount of $3,610,449.89. Inclusive in POC #3 are liquidated sums in the amount of $20,876.92 owed to Zuccarelli by Debtors Richard and Marilyn Barfield and $70,471.20 owed to Zuccarelli by Debtor Marilyn Barfield. The balance of POC #3 is unliquidated and in dispute;

**WHEREAS**, the non-Zuccarelli proofs of claim total $151,826.84, inclusive of an IRS proof of claim in the amount of $79,269.73, which the Debtors allege they paid in full;

**WHEREAS**, Marc P. Barmat and Furr Cohen was retained as Trustee's counsel [ECF No. 21]. In representing the Trustee and, Marc P. Barmat and Furr Cohen incurred $55,000 in fees and $186.14 costs;

**WHEREAS**, in the interest of avoiding costly and time-consuming litigation, the Trustee, Debtors and Creditor wish to resolve all issues between them in accordance with the terms and conditions in this stipulation.

**PAYMENT, CLAIMS AND DISMISSAL**

**NOW, THEREFORE,** in light of the foregoing, and in consideration of the mutual promises and covenants of the Parties contained herein, as well as other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as

follows:

1. The above recitals are true and correct.

2. The Debtors shall pay $55,186.14 ("**Trustee Settlement Amount**") to the Trustee prior the hearing seeking approval of this stipulation and dismissal. All payments shall be made payable to "*Furr Cohen Trust Account*" and delivered to Furr Cohen, 2255 Glades Road, Suite 301E, Boca Raton, FL 33431.

3. The Debtors shall pay $180,000 ("**Creditor Settlement Amount**") to "Furr Cohen Trust Account" prior to the hearing seeking approval of this stipulation and dismissal, and no later than November 9, 2018, which shall be held for the benefit of Creditor until this stipulation is approved by the bankruptcy court. Upon approval of the bankruptcy court, Furr Cohen shall release the $180,000 to Creditor.

4. The Debtors agree to pay all the following timely filed Proofs of Claim in full within one year of the date of this settlement: POC#2 (Capital One Bank (USA), N.A.) $2,770.61; POC#4 (Department Stores National Bank) $451.30; POC#6 (Wells Fargo, N.A., Wells Fargo Card Services) $29,259.21; POC#7 (Direct, LLC) $292.14; POC#8 (PYOD, LLC) $764.31; POC#9 (Portfolio Recovery Associates, LLC) $483.15. This stipulation is not dependent upon the Debtors' having paid the IRS claim.

5. The Debtors agree to the extension of the deadline for the Trustee and Creditor to object to the Debtors' discharge pursuant to section 727 and dischargability pursuant to section 523 through the date of a non-appealable order approving this stipulation.

6. Effective upon the approval of this Agreement by the Bankruptcy Court, the Debtors forever release, discharge, and waive, and shall be deemed to have released, discharged and waived, any and all claims, liabilities, costs (including attorney's fees and costs) and causes

3

of action, they may have against the Trustee, his professionals, and the Debtors' bankruptcy estate, including the filing of any proof of claim or right to assert a claim against the estates for payment of the Trustee Settlement Amount pursuant to 11 U.S.C. §502(h). Effective upon the successful payment of the Trustee Settlement Amount, the Trustee and the Debtors' estate forever releases, discharges, and waives and shall be deemed to have released, discharged, and waived any and all claims, liabilities, costs (including attorney's fees and costs) and causes of action they may have against the Debtors, including, but not limited to, any claims and causes of action related to the Alleged Homestead Property, other than for payment of the amounts due from the Debtors under the terms of this Stipulation.

7. Effective upon the approval of this Agreement by the Bankruptcy Court, the Debtors forever release, discharge, and waive, and shall be deemed to have released, discharged and waived, any and all claims, liabilities, costs (including attorney's fees and costs) and causes of action, they may have against the Creditor and his professionals. Effective upon the successful payment of the Creditor Settlement Amount, the Creditor forever releases, discharges, and waives and shall be deemed to have released, discharged, and waived any and all claims, liabilities, costs (including attorney's fees and costs) and causes of action they may have against the Debtors, their heirs, successors and assigns and their professionals, including, but not limited to, any claims and causes of action related to the Alleged Homestead Property, other than for payment of the amounts due from the Debtors under the terms of this Stipulation

8. The Parties are aware that this Stipulation must be noticed to all creditors and must be approved by the Court. In the event that it is not approved, this Stipulation shall be deemed null and void. The Parties shall request that the Court enter an Order approving this Stipulation, and to reserve jurisdiction to enforce the terms and covenants contained herein.

## NO OTHER AGREEMENTS; MODIFICATION

9. This Stipulation contains the entire understanding and agreement of the Parties, and there are no prior or contemporaneous promises, representations, agreements, warranties, or undertakings by either party to the other, either oral or written of any character or nature, except as set forth in this Stipulation. This Stipulation may be altered, amended, or modified only by an instrument in writing, executed and acknowledged by the Parties to this agreement, with the same formality as this agreement, and by no other means. Each party waives any right to claim that this Stipulation was modified, canceled, superseded, or changed by an oral agreement, course of conduct, or estoppel.

## APPLICABLE LAW

10. All matters affecting the execution, interpretation, validity, and enforceability of this Stipulation shall be subject to, and interpreted under, federal bankruptcy law, as well as the laws of the State of Florida to whatever extent bankruptcy law relies upon state law.

## NO PRESUMPTIONS ARISING FROM DRAFTING

11. The fact that any draft of this Stipulation was prepared by counsel for one of the Parties shall create no presumptions, and, specifically, shall not cause any ambiguities to be construed against that party. The Parties acknowledge that each has contributed toward the drafting of this Stipulation, and that this Stipulation is the result of negotiations between the Parties.

## WAIVERS

12. The failure of either Party at any time to require the performance of the other of any of the terms, provisions, or conditions hereof shall in no way affect the right thereafter to enforce the same, nor shall the waiver by either Party of the breach of any of the terms, provisions,

and conditions hereof, be construed or be deemed a waiver of any succeeding breach of any term, provision, or condition hereof.

## NOTICES

13. Any notices required by this Stipulation must be given either in writing by U.S. Mail or email to the Parties as follows:

**To the Trustee**:

Marc P. Barmat Esq.
Furr Cohen
2255 Glades Road, Suite 301E
Boca Raton, FL 33431
Telephone: (561) 395-0500
E-mail: mbarmat@furrcohen.com

**To the Debtors:**

Philip J. Landau, Esq.
Shraiberg, Landau and Page, P.A.
2385 N.W. Executive Center Drive, Suite 300
Boca Raton, FL 33431
Tel: (561) 443-0800
plandau@slp.law

**To John M. Zucarelli, III:**

G. Steven Fender, Esq.
P.O. Box 1545
Fort Lauderdale, FL 33301
Telephone: (407)810-2458
Steven.fender@fender-law.com

## ADDITIONAL ACKNOWLEDGMENTS AND UNDERSTANDINGS

14. The Parties acknowledge that each fully understands all of the terms and obligations of this Stipulation, and each believes the same to be fair, just, equitable, reasonable, fully acceptable, and not unconscionable.

15. The Parties enter into this Stipulation freely and voluntarily. Neither party has been

the subject of any duress, undue influence, fraud, or coercion in entering into this Stipulation.

16. All Parties to this Stipulation acknowledge that they have had the benefit and assistance of the representation of their own separate and independent attorneys to advise them of their rights and obligations under this Stipulation, and they are also aware of what their rights would be in the absence of this Stipulation.

17. This Stipulation shall be binding upon the Parties hereto and shall also be binding upon and ensure to the benefit of the heirs and successors of the respective Parties.

18. This Stipulation may be executed in two or more counterparts, including facsimile or email counterparts, none of which need contain signatures of all of the Parties hereto, each of which will constitute an original, and all of which, taken together, shall constitute one and the same agreement.

19. The date of this Stipulation is the date on which the last of the Parties executes a copy of it.

## CAPTIONS

20. The captions of the various paragraphs in this Stipulation are for convenience only, and none of them is intended to be any part of the text of this agreement, or intended to be referred

Intentionally Left Blank

to in construing any provision of it.

IN WITNESS HEREOF, the Parties hereto have set their hands and seals to this to this settlement agreement on the date specified below.

| **DEBTOR** | **TRUSTEE** |
|---|---|
| _____ <br> RICHARD DONALD BARFIELD <br><br> Dated: 10/19/18 | _____ <br> ROBERT C, FURR <br> 2255 Glades Road, Suite 301E <br> Boca Raton, FL 33431 <br> Telephone: (561) 395-0500 <br> mbarmat@furrcohen.com <br><br> Dated: 10/19/18 |
| **DEBTOR** | **CREDITOR** |
| _____ <br> MARILYN LOUISE BARFIELD <br><br> Dated: 10/19/2018 | _____ <br> John M. ZUCCARELLI, III <br><br> Dated: 10/19/18 |
| **ATTORNEY FOR DEBTORS** | **ATTORNEY FOR CREDITOR** |
| _____ <br> Philip J. Landau, Esq. <br> Shraiberg, Landau and Page, P.A. <br> 2385 N.W. Executive Center Drive, Suite 300 <br> Boca Raton, FL 33431 <br> Tel: (561) 443-0800 <br> plandau@slp.law <br><br> Dated: 10/19/18 | _____ <br> G. Steven Fender, Esq. <br> P.O. Box 1545 <br> Fort Lauderdale, FL 33301 <br> Telephone: (407)810-2458 <br> Steven.fender@fender-law.com <br><br> Dated: Oct 19, 2018 |

8